## 9279

### RUSH v. GREEN.

#### (87 S. E. 1009.)

MORTGAGE — DEEDS — EVIDENCE — APPEAL AND ERROR. — Where a deed is absolute on its face, and unaccompanied by any writing at the time of its execution showing that it was intended for a purpose other than expressed on its face, extrinsic evidence to show it was intended as a mortgage must be clear, convincing and preponderate.

Before RICE, J., Sumter, February, 1915.    Affirmed.

Action by Ellen Rush against D. M. Green.    From judgment for defendant, plaintiff appeals.    The facts are stated in the opinion.

*Messrs. L. D. Jennings* and *R. D. Epps,* for appellant, cite: 99 S. C. 64; 31 S. C. 276; 61 S. C. 579.

*Messrs. McLeod & Dennis,* for respondent, cite: 54 S. C. 191; 92 S. C. 501; 90 S. C. 494.

February 28, 1916.·

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This action was instituted originally for the purpose of setting aside a deed, executed to the defendant by plaintiff on February 12, 1907, on the ground that it was obtained from plaintiff by defendant by a fraudulent representation that she was signing an agreement, which was also to be signed by her husband, whereby she promised to pay the debts of her former husband from time to time as they could spare the money, and that it was not in any manner to affect any of plaintiff's property.    Later on, by leave first had and obtained, the complaint was amended so as to allege that the deed was intended as a mortgage, and never delivered, and to have it declared to be a mortgage.    The cause was referred to the master of Sumter county to take

the testimony and to hear and determine all issues of law and fact. The master made a report sustaining the contention of the plaintiff and found that the deed, together with the bond for title and notes, which were given as a part of the transaction, were intended as one transaction, and as the notes were not executed, that the entire transaction was incomplete and unfinished, and that the parties occupied their former *status* of mortgagor and mortgagee, the defendant, at the time the deed was being executed, being the assignee and holder of the mortgage which the plaintiff had given to Strauss. The master held that if deed had been delivered, then the deed with the bond for title and notes constituted a new mortgage, and in either event the plaintiff was mortgagor and defendant mortgagee. Defendant excepted to the report of the master, and the cause was heard by his Honor, Judge Rice, at the February, 1915, term of Court for Sumter county, and he sustained the exceptions and reversed the findings of the master and held that the deed in question was fully delivered and was what it purported to be, an unconditional conveyance of the fee in the land, and that the consideration was a fair price for the land, and as a matter of fact and law the deed was a deed and not a mortgage.

From the decree of his Honor the plaintiff appeals, and by five exceptions alleges error, and these exceptions are that the record sustains the finding of the master, and that the Circuit Court should have sustained and not reversed his findings.

We think the exceptions cannot be sustained, and that his Honor, Judge Rice, had ample testimony before him to sustain his findings. The deed executed was absolute on its face and was not accompanied by any writing, such as a bond or any other paper executed at the same time, going to show that the deed secured a debt and was not intended as an absolute sale. There is nothing in the papers in the case to show that the real agreement between the parties was

that it was to secure a debt and intended as a mortgage and not a deed, though it was a deed absolute on its face.

This cause does not furnish the same evidence to sustain the plaintiff's contention as *Leland* v. *Morrison,* 92 S. C. 501, 32 A. & E. Ann. Cas. 1914b, 349, 75 S. E. 889. There was a letter in that case from Morrison to Leland which was an influential factor in fixing the finding arrived at by the Court in that case.

In *Hamilton* v. *Hamer,* 99 S. C. 64, 82 S. E. 997, the deed from Hamilton to Hamer was absolute on its face, but at the same time it was executed there was also executed a bond from Hamer to Hamilton to reconvey, which is fully set out in that case.

It will be well for parties who give a deed absolute on its face to understand that if it is intended as a mortgage, to have at the same time it is executed some evidence in writing to establish that contention, otherwise later on it may be hard to do. Each case of this character to a large extent depends upon the special circumstances of the particular case as was said in *Williams* v. *McManus,* 90 S. C. 494, 73 S. E. 1038: "For the question finally turns in all cases upon the real intention of the parties as shown upon the face of the writings or disclosed by the extrinsic evidence." 3 Pom. Equity 1195; *Brown* v. *Bank,* 55 S. C. 70, 32 S. E. 816.

The Court will not declare a deed absolute on its face to be a mortgage unless there is clear and convincing evidence that it was the intention of parties, when executed it was so intended, and in the absence of any writing at the time the deed was executed that it was intended to be other than it purported to be, the extrinsic evidence must be clear, convincing and preponderate.

Parties could avoid a lot of anxiety, trouble and litigation, if they would exercise caution and care and reduce to writing what the real intentions of the parties were at the

time the contract was made, and furnish easy proof of their contention.

The appellant has not convinced us that his Honor was in error.

Exceptions overruled.    Judgment affirmed.