9998

STACKHOUSE v. CONERLY.

(96 S. E. 255.)

Mortgages—Absolute Deed With Bond for Title.—A deed absolute on its face may be found to be a mortgage, the grantee, when it was given, having executed to the grantor a bond for title.

Before Spain, J., Horry, Spring term, 1917. Affirmed.

Action by W. G. Stackhouse against W. J. Conerly. Judgment for plaintiff, and defendant appeals.

*Messrs. Norton & Baker,* for appellant, submit: *The transaction between the parties was a sale of the land described in the deed and did not create a mortgage:* 21 S. C. 400; 27 S. C. —; 3 Rich. Eq. (24 S. C. Eq.) 153; 31 S. C. 280; 90 S. C. 490; 103 S. C. 253; 52 S. C. 54; 90 S. C. 494; 73 S. E. 1038; 3 Pom. Eq. 1195; 55 S. C. 70; 32 S. E. 816.

*Mr. H. H. Woodward,* for respondent, submits: *The facts are calculated to create a mortgage and not a sale of the land:* 99 S. C. 31-36; Jones on Mortgage, sections 244-250-273-4-5-6; 90 S. C. 490.

June 25, 1918.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This is an appeal from a decree of Judge Spain overruling a report of special referee.

The exceptions, 12 in number, raise in the main one question, to wit: Was the deed conveying the land from the plaintiff to defendant an actual sale of the premises, with an accompanying agreement to repurchase in behalf of the plaintiff, or was this deed of conveyance, though absolute on its face, when taken in connection with the so-called bond for title, and other circumstances surrounding the transaction, nothing but a mortgage to secure to the defendant the payment to him of the debt which was created between the parties by means of his taking up and having transferred to him the mortgage held by the Bank of Fair Bluff?

The evidence in the case is sufficient to sustain his Honor's finding of fact that the transaction between the parties created a mortgage and not a sale of the land, and under the case of *Hamilton v. Hamer,* 99 S. C. 31, 82 S. E. 997, and authorities therein cited, the exceptions must be overruled, and this is not in conflict with the decision of *Rush v. Green,*

103 S. C. 253, 87 S. E. 1009, for when Stackhouse gave the deed absolute on its face a bond for title was executed from Conerly to him at the same time which sheds light as to the real intentions of the parties at the time the contract was made, and brings the case within the principles announced in *Hamilton v. Hamer, supra.*

We see no error as complained of.

Judgment affirmed.